IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                          No. CR 93-0214 JB

ELCO MAURO GONZALEZ-CALDERON,

       Defendant.

**SEALED MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the United States' Motion for Substantial Assistance Departure Pursuant to U.S.S.G. § 5K1.1, filed August 28, 2007 (Doc. 55)("Motion"). The Court held a sentencing hearing on August 28, 2007. The primary issue is whether the Court should grant the United States' request that Defendant Elco Mauro Gonzalez-Calderon receive a downward departure pursuant to U.S.S.G. § 5K1.1. Specifically, the United States asks the Court to sentence Gonzalez-Calderon to 51 months incarceration. Because the Court believes that Gonzalez-Calderon has provided substantial assistance to the United States, the Court will grant the United States' request and sentence Gonzalez-Calderon to 51 months incarceration.

**FACTUAL BACKGROUND**

      On March 30, 1993, Gonzalez-Calderon entered the United States Border Patrol checkpoint on Highway 185, north of Las Cruces, New Mexico. See Pre-Sentence Investigation Report ¶ 8, at 4, disclosed March 28, 2006 ("PSR"). Agents found 67 kilograms of marijuana inside the vehicle. See id. After being arrested and read his Miranda rights, Gonzalez-Calderon told agents that he knew there was marijuana in the vehicle and that he was en route to Denver, Colorado to sell the

marijuana for $800.00 per pound.  See id. ¶ 9, at 4; Motion at 1.

## PROCEDURAL BACKGROUND

On April 22, 1993, a federal grand jury returned an Indictment against Gonzalez-Calderon, charging him with possession with intent to distribute less than 100 kilograms of marijuana, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.  See PSR ¶ 1, at 3.  Gonzalez-Calderon pled guilty to the counts charged in the Indictment on June 8, 1993. See id.  On June 9, 1993, Gonzalez-Calderon was released on bond and was set to be sentenced on September 16, 1993.  See id. at 1.  He failed to appear, however, for sentencing, and an arrest warrant was issued.  See id.

Gonzalez-Calderon was arrested on the warrant on January 23, 2006.  See id.  The Court set sentencing for August 28, 2007.  See Notice, filed August 22, 2007 (Doc. 52).  The United States represents that, since his re-arrest, Gonzalez-Calderon has cooperated with the United States and has debriefed two times with Drug Enforcement Administration ("DEA") Special Agent Eric Hansen. See Motion at 2.  The United States submits that Hansen, as a result of these debriefings, has been able to corroborate drug-trafficking activity of which the DEA was already aware.  See id.  The United States also asserts that Gonzalez-Calderon provided Hansen with information that the DEA did not previously possess, which may assist the DEA in future drug-trafficking investigations.  See id.

With its motion for departure pursuant to U.S.S.G. 5K1.1, the United States requests that the Court to grant Gonzalez-Calderon a downward departure.  See Motion at 1.  Specifically, the United States asks that the Court sentence Gonzalez-Calderon to 51 months incarceration.  See id.

## U.S.S.G. § 5K1.1

U.S.S.G. § 5K1.1 provides:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

**(a)** The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

> **(1)** the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> **(2)** the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> **(3)** the nature and extent of the defendant's assistance;
>
> **(4)** any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> **(5)** the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1.

## ANALYSIS

The Court believes that the factors set forth in U.S.S.G.§ 5K1.1 counsel in favor departing downward. Regarding § 5K1.1(a)(1), the United States represents that Gonzalez-Calderon provided the DEA information and assistance of a substantial nature. See Motion at 2. Similarly, with respect to § 5K1.1(a)(2), the United States maintains that Gonzalez-Calderon has been truthful, complete, and reliable. See id. Likewise, concerning § 5K1.1(a)(3), the United States submits that Gonzalez-Calderon's assistance has been significant. See id. With regard to § 5K1.1(a)(4), the United States represents that, while Gonzalez-Calderon has not suffered any threats or injury as a result of his cooperation, if his cooperation were disclosed, he could suffer harm. See id. 2. Finally, concerning § 5K1.1(a)(5), while conceding that Gonzalez-Calderon's cooperation is not timely, because it occurred thirteen years after his arrest in this case, the United States contends that the information

that he has provided is useful.  See id. at 2-3.

The Court must rely heavily upon the evaluation of the United States in deciding whether a downward departure under U.S.S.G. § 5K1.1 is appropriate and, if so, how much of a departure is warranted.  Based upon the United States' representations, the Court finds that the factors set forth in U.S.S.G. § 5K1.1 counsel in favor of departing downward.  The Court concludes that a downward departure is appropriate in this case, and will grant the United States' request to depart downward and sentence Gonzalez-Calderon to a sentence of 51 months incarceration.

**IT IS ORDERED** that the United States' Sealed Motion for Substantial Assistance Departure Pursuant to U.S.S.G. § 5K1.1 is granted.  The Court departs downward and sentences Gonzalez-Calderon to 51 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
   Acting United States Attorney
Albuquerque, New Mexico

-- and --

Mark A. Saltman
   Assistant United States Attorney
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

Jim Maus
El Paso, Texas

   *Attorney for the Defendant*